## WILLET *a.* LASSALLE.

*New York Superior Court; General Term, April,* 1863.

PLEADING.—COMPLAINT ON UNDERTAKING GIVEN ON ARREST.— MEASURE OF DAMAGES.

In an action by a sheriff, upon an undertaking given to him by a defendant, arrested under an order of arrest in a civil action, it is not necessary to allege in the complaint, that he had not delivered the order of arrest and undertaking to the plaintiff's attorney in such former action, as required by section 192 of the Code of Procedure, in case such attorney demands it.

Any exoneration of the sheriff from liability, by such delivery, and the omission of the plaintiff to except to the bail, and the consequent liability of such bail to the plaintiff in such action, must come from, and be set up by the defendant, affirmatively, as matter of defence in his answer.

It is not necessary to allege in the complaint in such action, that any action has been brought against the sheriff.

It is not essential to aver in terms that the undertaking was delivered, nor does an averment that it was under seal vitiate.

The measure of damages in such an action is *prima facie* the whole amount of the undertaking.

Appeal from an order overruling a demurrer to the complaint.

The action was brought by James C. Willet, late sheriff of the city and county of New York, against Theodore Galliardet, John D'Homergue, and Charles Lassalle; upon an undertaking given by the defendants, on the arrest, in a former action, of the defendant Galliardet.

The allegations of the complaint were as follows:

"That the plaintiff, at the several and respective times hereinafter mentioned, was the sheriff for the city and county of New York, having been duly elected and sworn to said office, according to the statute in such case made and provided.

"And the plaintiff further shows, that heretofore, and on or

about the 7th day of June, in the year 1858, one Hiram Cranston commenced an action in the Supreme Court of the city of New York against the said Theodore Galliardet, for an assault and battery; and, upon affidavits of the cause of action, at the time of the commencement of the said action obtained from the Hon. JOHN SLOSSON, then and there being one of the justices of the said Superior Court, an order of arrest; which said order was directed to the plaintiff herein, as such sheriff aforesaid; by which said order the said plaintiff was commanded to arrest the said Theodore Galliardet, defendant above named, and to hold him to bail in the sum of $8,000 in the said action in favor of the said Hiram Cranston, against him, the said Theodore Galliardet; and that the said plaintiff return the said order to Whiting & Clark, plaintiff's attorneys, at No. 40 Park Row, in the city of New York, on the 15th day of June, 1858; which said order of arrest, so made as aforesaid, afterwards, and before the return-day of said order, to wit, on or about the 7th day of June, in the year 1858, at the city and county of New York aforesaid, was delivered to this plaintiff, as such sheriff as aforesaid, in due form of law to be executed; by virtue of which said order of arrest as aforesaid, this said plaintiff being such sheriff as aforesaid, afterwards, and before the return of said order, on the 7th day of June, in' the year 1858, at the city and county of New York aforesaid, took and arrested the said Theodore Galliardet by his body, and then and there detained him in custody, as such sheriff, at the suit of the said Hiram Cranston, for the cause aforesaid; and the said Theodore Galliardet being so arrested and in custody of this plaintiff, being such sheriff as aforesaid, by virtue of the said order of arrest, this plaintiff afterwards, and before the return-day of said order of arrest, on the 7th day of June, in the year 1858, at the city and county of New York aforesaid, took bail for the appearance of the said Theodore Galliardet, defendant, that he should at all times render himself amenable to the process of the said court during the pendency of the said action, and to such process as should be issued to enforce the judgment therein, according to the statute in such case made and provided; and then and there the said defendants, John D'Homergue and Charles Lassalle, as bail and sureties for the said Theodore Galliardet, with the said Theodore Gal

liardet, on the day and year last aforesaid, at the city and county of New York aforesaid, by their certain writing obligatory, commonly called an undertaking on arrest, signed and sealed by the said defendants, and dated on the same day and year aforesaid, whereby they undertook, in the sum of $8,000, that the defendant Theodore Galliardet should at all times render himself amenable to the process of the said court during the pendency of the said action, and to such process as should be issued to enforce the judgment therein, as by the said undertaking, reference being thereunto had, may more fully and at large appear.

"And this plaintiff further shows, that the said Hiram Cranston did, on the 30th day of July, in the year 1859, obtain judgment against the said Theodore Galliardet, in the said Superior Court, for the sum of $9,024.44, damages and costs; a transcript of which judgment was duly filed in the office of the clerk of the city and county of New York, on the 1st day of August, in the year 1859; and that afterwards, and on the same day and year last aforesaid, the said Hiram Cranston did issue an execution against the property of the said Theodore Galliardet, directed to the sheriff of the city and county of New York aforesaid, whereby the said sheriff was commanded to satisfy the said judgment out of the personal property of the said debtor within his county; or if sufficient personal property could not be found, then to satisfy said judgment out of the real property of the said judgment debtor situated in his said county on the day when the said judgment was docketed, or at any time thereafter, in whosesoever hands the same might be, and return the said execution, in sixty days after the receipt thereof, to the clerk of the Superior Court of the city of New York. That the said execution was indorsed, directing the said sheriff to levy and collect the said sum of $9,024.44, with interest and fees, and was received by the said sheriff on the said day and year aforesaid.

"And this plaintiff further shows, that the said execution above set forth was afterwards, to wit, on the 3d day of October, 1859, duly returned by the said sheriff of the city and county of New York, wholly unsatisfied; and that thereupon, and afterwards, on or about the 28th day of November, in the year 1859, the said Hiram Cranston issued an execution against

the person of the said Theodore Galliardet, directed to the said sheriff of the city and county of New York, and commanding him to arrest the said judgment debtor, and commit him to the jail of his county until he should pay the said judgment, or be discharged according to law; which said execution was indorsed, directing the sheriff to collect the said sum of $9,024.44, besides interest and fees; and which said execution was afterwards, to wit, on the 27th day of January, 1860, duly returned by the said sheriff, 'defendant not found;' whereupon, and by reason whereof, an action has accrued to the said Hiram Cranston, and has been commenced by said Cranston against this said plaintiff for the said escape of the said Theodore Galliardet, by reason of the neglect of the said defendants, John D'Homergue and Charles Lassalle, to keep and render the said Theodore Galliardet at all times amenable to the process of the said Superior Court, and to the process issued to enforce the judgment in the action pending therein between the said Hiram Cranston, plaintiff, and the said Theodore Galliardet, defendant, according to the terms and conditions of their said undertaking made by the said defendants, and above set forth."

The complaint concluded by laying the damages at $8,000, for which sum plaintiff claimed judgment.

The defendants, Charles Lassalle and John D'Homergue, demurred to this complaint, and assigned as their ground of demurrer that it did not contain facts sufficient to constitute a cause of action.

The cause was heard at special term, in April, 1862, before Mr. Justice WHITE, who overruled the demurrer, holding that the sheriff need not negative in his complaint the performance by himself and by the sureties (the defendants), of all the acts which might have rendered the defendants liable only to the plaintiff in the former action; but that performance of those acts, the doing of which the defendants supposed the sheriff should have negatived, must be pleaded in bar by the defendants, if they desired to present them as a defence.

From the order entered thereon the defendant, Lassalle, appealed.

*F. R. Coudert*, for defendant, appellant.

I. Upon the facts stated in the complaint, the plaintiff does not show himself entitled to recover. He does not aver: either, 1. That he has suffered any damage, or is likely or liable to suffer any; 2. That he is the holder of the bail-bond, or entitled to sue on it; 3. That it (the bail-bond) was ever delivered to any one or made to any one, or in fact ever made at all; 4. That he comes within any of the cases provided by the Code; 5. That the action in which Galliardet was arrested was ever prosecuted to judgment, or execution ever issued on said judgment.   6. There is no allegation that the plaintiff is the owner of the bond.

These facts being material, the complaint is insufficient. (Rodi *a.* Rutgers Fire Ins. Co., 6 *Bosw.*, 23.)

II. It being made the duty of the officer to return the process, together with the undertaking of the bail, to the plaintiff's attorney (see *Code*, § 192; 3 *Rev. Stat.*, 5th ed., 739), it is to be presumed that he performed that duty. If he did, upon the allegations of the complaint he has no standing in court.

III. There is nothing in the complaint bringing this case within any of the provisions of sections 193, 201, or 203.

IV. A sheriff is not entitled to look to the bail, except when they fail to justify; and in that case, he can only recover the "damages which he may sustain by reason of such omission." (See Loosey *a.* Orser, 4 *Bosw.*, 391.)   And there is no allegation on either point.

V. There is no analogy between the cases brought under the Code, and those prosecuted under the old practice, as far as the capacity to sue is concerned.   Formerly, the bond was made directly to the sheriff.   It was necessary that plaintiff should allege this fact with great particularity, as upon this depended his ability to sue.   (See 2 *Chitty on Pleading*, 449.)

Under the present practice, however, the undertaking belongs to the plaintiff in the action wherein the order of arrest was granted.   There being no allegation to the contrary, it is fair to presume that the bail-bond is now in Cranston's hands.

VI. The complaint describes the instrument upon which the plaintiff seeks to recover against the defendants as a " certain writing obligatory, commonly called an undertaking on arrest,

signed and sealed by the said defendants," &c.; but it does not state that it was made to any one, which is essential in a bond. (See *Burrill's Law Dict.*, tit. Bond.)

There being no obligee mentioned in the instrument, the plaintiff should show some· particular state of facts, or some special provision of law, as a foundation for his right to recover.· This he has not done.

VII. The sheriff had not a right to retain the undertaking. It belongs absolutely to the plaintiff, who, therefore, has a right to sue upon it. (§ 192.)

VIII. The bail-bond or undertaking is a bond of indemnity, and something should be alleged to show that the sheriff has ·suffered some loss, or has incurred some liability, for which he is entitled to be compensated. He simply says, that he is sued for an escape, and claims that he is *ipso facto* entitled to the face of the bond and interest.

If the plaintiff's theory is right, he could recover the full amount and interest, whereas he might defeat the claim of ·Cranston by proving the insolvency of Galliardet.

IX. It is difficult to avoid the inference, after a careful perusal of the complaint, that Willet and Cranston have confederated against the defendants, and that any contest between them over the absent body of Galliardet is postponed, in the hope that these defendants may be offered up as scape-goats. The defendants, on the other hand, claim that, as sureties, they are bound only according to the strict letter or precise terms of their contract, and are considered as favorites of the· law (Wright *a.* Johnson, 8 *Wend.*, 512, and cases cited); that they should not be driven to trial without knowing precisely on what grounds they are to be charged.

*J. R. Whiting*, for plaintiff, respondent.

I. The complainant sets forth all the facts necessary to con stitute a perfect cause of action.

II. The execution of the undertaking fixes the character of the parties as bail to the sheriff. The statute enabling the sheriff to give notice to the plaintiff, and providing for exception and justification, is for the ease and favor of the sheriff alone; the bail have nothing to do with it. If the sheriff gives the notice, and ·the bail do not justify, the sheriff be-

comes the bail. If he omits to give the notice, which he may do designedly or from neglect, he becomes liable as bail. (*Code*, §§ 201, 203 ; Van Duyne *a.* Coope, 1 *Hill*, 557 ; *In re* Taylor, 7 *How. Pr.*, 214 ; Buckman *a.* Carnley, 9 *Ib.*, 180 ; Sartos *a.* Marceques, *Ib.*, 188.)

III. The sheriff, on an escape, may immediately take his remedy for a breach of the condition of the bond. (See Hinds *a.* Doubleday, 21 *Wend.*, 223.)

By THE COURT.*—ROBERTSON, J.—This is an action on an undertaking given by the defendants to the plaintiff, on his arrest of the defendant Galliardet, under an order in an action by a third person (Mr. Cranston) against such defendant. The undertaking is in the usual form, promising that such defendant should at all times render himself amenable to the process of the court during the pendency of the action, and to such process as should be issued to enforce the judgment therein.

The complaint shows that such third person (Cranston) obtained judgment against the defendant Galliardet; issued an execution against his property, which was returned unsatisfied; and also, afterwards, an execution against his body, which was returned by the officer to whom it was directed, not found. These facts, in an action against the present plaintiff, by the plaintiff in such action, would be enough to charge the former with liability for an escape of the defendant therein.

The following are the only questions on the merits arising in this case.

*First.* Was the undertaking sued upon ever an obligation to the plaintiff, and could he ever have maintained an action upon it; and if so, did it ever cease to be so, and by what means?

*Second.* Is there any presumption of law in favor of the defendants, that the sheriff ever relieved himself of all responsibility for the production of the defendant's body, in the original action, upon final process, by the delivery of the order of arrest, his return thereto, and a copy of the under-

* Present, ROBERTSON and MONELL, JJ.

taking in suit, to the attorney for the plaintiff in such action ?

*Third.* As incidental to the second question, does the liability of the defendant vary, by the undertaking being to the plaintiff in this action instead of the plaintiff in the original action ?

The plaintiff, on the arrest of the former defendant, was liable as if he were bail, in case of an escape, rescue, or failure of the bail to justify, or of a deposit in their place (*Code*, § 201); and he may put in bail to surrender the defendant. (*Code*, §§ 201, 193–196 inclusive.) He is only exonerated by the delivery of the order of arrest, return, and certified copy of the undertaking, to the attorney for the plaintiff in the original action, and the omission by such attorney to refuse such bail, for ten days, or by the justification of the same, or new bail. (§§ 192, 193.) During all this time until justification, the bail are liable to the sheriff. (§ 203.) By the justification he is relieved, and the bail become liable to the plaintiff in the action. There is no allegation, in the complaint, of the delivery of such documents, or non-refusal to accept the bail.

In the next place, the delivery of the order of arrest and other documents to the plaintiff's attorney, authorized by the 192d section of the Code, is not a duty of the sheriff to any of the parties in the action; it is a privilege by which he relieves himself from responsibility, and until he does it, the bail are bound to him, but are not obliged to justify. If it were a duty, it would clearly not be one either to the defendant in the action, who can do nothing to enforce it, or to his bail, who are not benefited, and can only be harmed by it, by being required to justify. The defendants have a right to set up the same defences in an action by the present plaintiff on their undertaking, as they would were it brought in the name of the plaintiff in the former action. Whatever damages the plaintiff is liable in for the latter, he can recover from the defendants, and they are the same as the plaintiff in the former action could recover had he assumed the benefit of the undertaking and sued upon it. There is, therefore, no ground for presuming, in favor of the defendants, that the sheriff exonerated himself by delivering the proper documents to the

attorney for the plaintiff in the former suit. That, if the fact be so, should be set up as affirmative matter of defence. The defendants are neither better nor worse off than if the plaintiff in the former action were the plaintiff in this. In fact, the question to whom bail shall be liable, is entirely a matter of election between the sheriff and the plaintiff in the action. They are bound to produce the defendant's body, when required by a final process, and if they do not, to indemnify the party actually injured thereby.

It is settled that the sheriff is not obliged to wait until he is sued in order to make the bail liable (Hinds *a.* Doubleday, 21 *Wend.*, 223) ; and therefore the allegation in the complaint, of the institution of an action against him, is immaterial. The omission to allege expressly that the judgment stated to have been recovered was so in the action originally referred to in the complaint, is aided by the rest of the averments. Advantage can only be taken of it by a motion to make the complaint more definite and certain. The statute does not require the undertaking to be delivered to any one, but merely to be executed by the bail (§ 187), which is termed giving bail. (§ 186.) It is not a mere contract : it is a stipulation in court, or recognizance, which enures to the benefit of the party entitled. A seal cannot do it any harm. Formerly a bail-bond was in form to the sheriff, but the law permitted a plaintiff, when assignee of it, to sue upon it, even when other assignees could not sue in their own name. The present practice is perhaps simpler and equally efficacious.

Unless, therefore, it is to be assumed that the plaintiff relieved himself from responsibility by delivering the proper documents to the attorney for the plaintiff in the former action, which does not appear in the complaint, it shows a clear liability on the part of the defendants.

I do not see how, if the judgment had been said to have been recovered in the same action in which the order of arrest was issued, and the allegations respecting a seal to the undertaking and the commencement of a suit against the plaintiff had been omitted, a better complaint could have been drawn.

The defendants may be able to set up and prove facts in mitigation of damages, but *prima facie* the plaintiff in the original action was entitled to recover the whole amount of the original

bail, against the present plaintiff; and of course he is equally entitled to recover the same against the present defendants.

The order overruling the demurrer in this case must be affirmed, with costs.

